| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>BANK OF AMERICA, N.A. | Order Filed on November 29, 2018 by Clerk, U.S. Bankruptcy Court - District of New Jersey |
| In Re:<br><br>Ismet Altunbilek, Rumable Altunblek<br><br>Debtor. | Case No.: 18-18101 SLM<br>Adv. No.:<br>Hearing Date: 6/13/18 @ 9:00 a.m.<br>Judge: Stacey L. Meisel |

**ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: November 29, 2018**

Honorable Stacey L. Meisel
United States Bankruptcy Judge

Page 2
Debtor:       Ismet Altunbilek, Rumable Altunbilek
Case No.:     18-18101 SLM
Caption:      **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, BANK OF AMERICA, N.A., holder of a mortgage on real property located at 27 High Point Terrace, Sussex, NJ, 07461, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Alexander J. Rinaldi, Esquire, attorney for Debtors, Ismet Altunbilek and Rumable Altunbilek, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** Bank of America's claim shall be allowed as a non-priority general unsecured claim and shall be paid as such in accordance with the Debtors' Chapter 13 Plan; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the avoidance of Bank of America's second lien is contingent upon the Debtors' completion of the Chapter 13 Plan and the Debtors' receipt of a Chapter 13 discharge; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Bank of America, N.A. shall retains its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtors' Chapter 13 case or the conversion of the Debtors' Chapter 13 case to any other Chapter under the United States Bankruptcy Code; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that each party shall bear their own attorney's fees and costs incurred in the present case number; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that in the event the property is destroyed or damaged, pursuant to the mortgage, Bank of America, N.A. is entitled to its full rights as a loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due on the mortgage; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that in the even that any entity, including the holder of the first lien on the Subject Property forecloses on its security interest and extinguishes Creditor's lien prior to the Debtors' completion of the Chapter 13 plan, Bank of America's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale; and

Page 3
Debtor:     Ismet Altunbilek, Rumable Altunbilek
Case No.:   18-18101 SLM
Caption:    **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Bank of America, N.A. shall retain its lien for the full amount due under the subject loan should the subject property be sold, or should a refinance take place prior the Chapter 13 plan completion and entry of an Discharge; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.